ERICKSON et al. v. DYSON.

(Court of Appeals of District of Columbia. Submitted May 13, 1919. Decided June 2, 1919.)

No. 1209, Patent Appeals.

PATENTS ⚜⇒91(3)—INTERFERENCE PROCEEDING—EVIDENCE OF DILIGENCE.

Evidence that the junior parties to an interference proceeding were inactive for several months at about the time the senior party entered the field, etc., *held* to sustain concurrent decisions by the Patent Office tribunals that such delay constituted a lack of diligence.

Appeal from the Commissioner of Patents.

Interference proceeding in the Patent Office between Alfred H. Dyson and John Erickson and Charles J. Erickson. From a decision by the Commissioner of Patents for the first-named party, the other parties appeal. Affirmed.

Charles C. Bulkley, of Chicago, Ill., for appellants.

Curtis B. Camp and Williams, Bradbury & See, all of Chicago, Ill., for appellee.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding awarding priority of invention to Alfred H. Dyson, the senior party.

The invention relates to improvements in automatic telephone sys-, tems, and the issue is expressed in 11 counts. Each of the three tribunals of the Patent Office found that appellants had failed to establish conception of the invention prior to Dyson's filing date. The

[1] Case pending on appeal in Circuit Court of Appeals.

Examiner of Interferences made no finding on the question of diligence, but the Examiners in Chief and the Assistant Commissioner found that, even assuming prior conception on the part of appellants, the result would be the same, because appellants had failed to show diligence in reducing the invention to practice.

Appellants' contentions have been very thoroughly and ably presented, both by brief and argument, but, having in mind that appellants are the junior parties and that there are three concurrent decisions against them, we are not so clearly convinced that the ruling of the Patent Office on the question of diligence was erroneous as to feel warranted in reversing the case on that point. There was a period of several months of inactivity at a critical period, or just before and after Dyson entered the field, and the circumstances were such that we are unable to say that the Patent Office clearly was in error in ruling that this delay constituted lack of diligence. It is unnecessary, therefore, for us to make any finding on the question of priority of conception, and we express no view thereon.

The decision must be affirmed.

Affirmed.